## MATTER OF VIADO

### In Public Charge Bond Breach Proceedings

#### A-36087986

*Decided by Commissioner July 30, 1985*

(1) Receipt of Supplemental Security Income ("SSI") constitutes receipt of public assistance and is sufficient cause to breach a public charge bond, even in the absence of a demand for repayment.

(2) Ignorance on the part of the obligor that receipt of SSI may result in a public charge bond breach does not render such action insubstantial.

ON BEHALF OF OBLIGOR:   Alan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, California 94104

This is an appeal from a decision by the district director, San Francisco, declaring that a public charge bond was breached. The appeal will be dismissed.

The obligor posted a $5,000 public charge bond on February 28, 1979. Evidence contained in the record reveals that Adela Viado, for whom the bond was posted, has received public support in the form of Supplemental Security Income ("SSI") since June 1981.

On appeal, the obligor states that Mrs. Viado was incorrectly advised by a staff member of the Manila Town Senior Center in San Francisco that the receipt of SSI benefits would not constitute a breach of a public charge bond. Mrs. Viado consequently applied for and received those benefits. Although the State of California did not make a demand for repayment of the SSI, the district director considered the bond breached due to a substantial violation of the terms of the bond.

Title 8, Code of Federal Regulations, § 103.6 (1985) provides for the posting of public charge bonds. Conditions for such a bond are clearly stated on the bond agreement so that the obligor will know and understand exactly what is required.

Title 8 C.F.R. § 103.6(c)(3) (1985) states that substantial performance of all conditions imposed by the terms of the bond shall release the obligor from liability. Title 8 C.F.R. § 103.6(e) (1985) states that a bond is breached when there has been a substantial viola-

tion of the stipulated conditions. The main thrust of the obligor's appeal concerns substantial performance and substantial violation. The obligor cites several precedent decisions which relate to departure bonds and delivery bonds. The obligor adds that the bonded alien acted with the good faith belief that she had complied with the required terms; therefore, the accidental violation should not be found to be substantial and cause the bond to be breached.

We are not persuaded by these arguments. None of the cases cited by the obligor pertains to the public charge bond. Each of the four types of surety bonds provided for in the regulation has its own specific conditions. The conditions are clear. In signing the public charge bond, the obligor provides assurance that Mrs. Viado will not become a public charge, whatever the cause may be. This bond remains in full force and effect unless it is cancelled by the district director, or the alien dies, or departs permanently from the United States, or is naturalized. The fact that Mrs. Viado did not know that receipt of SSI was receipt of public assistance does not lead to the conclusion that the breach was insubstantial.

In *Matter of B-*, 3 I&N Dec. 323 (BIA, Acting A.G. 1948), the Attorney General affirmed the decision of the Board of Immigration Appeals which reversed a finding of deportability on the basis that the alien became a "public charge" within 5 years after entry, under section 19 of the Immigration and Nationality Act of 1917. *Matter of B-* held that before an alien can be considered deportable on this ground, state authorities must demand repayment of charges for services rendered and the charges must thereafter remain unpaid.

In contrast, a demand for repayment of charges is not necessary for an alien to be considered excludable under section 212(a)(15) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(15) (1982), as a person *likely* to become a public charge. *Matter of Harutunian*, 14 I&N Dec. 583, 590 (R.C. 1974). The distinction is based on the fact that the determination of excludability involves a prediction of the likelihood of an alien becoming a public charge in the future, rather than an assessment of whether the alien has already become a public charge.

Although there are no published administrative decisions on the applicability of the *Matter of B-* requirement to the breach of a public charge bond, we conclude that such a requirement does not apply. Public charge bonds are issued as a condition of the alien's admission and require the same determination of the likelihood of future events discussed in *Matter of Harutunian, supra*. Simply put, the purpose of issuing a public charge bond is to assure that the alien will not in the future become a public charge. Moreover,

in a state where no provision for making a demand exists, application of the *Matter of B-* requirement would allow an alien to receive unlimited public benefits without a breach, and the issuance of the bond would become meaningless.

**ORDER:** The appeal is dismissed.